IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JAMES C. MCNEILL, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV924 |
| | ) | |
| KATY POOLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND RECOMMENDATION</u>**
**<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

This matter comes before the Court on Plaintiff James C. McNeill's motions for preliminary injunctions and temporary restraining orders. (Docket Entries 22, 35.) Defendant Katy Poole has responded to Plaintiff's first motion for a preliminary injunction and restraining order. (Docket Entry 33.) Also, before the Court is Plaintiff's Motion for Default Judgment (Docket Entry 28) and Defendant Patricia Anderson's Motion to Remove Default and Extend the Time to Answer. (Docket Entry 38.) Plaintiff has responded to Defendant Anderson's motion. (Docket Entry 41.) For the following reasons, the undersigned recommends that Plaintiff's motions be denied, and Defendant Anderson's motion be granted.

**<u>BACKGROUND</u>**

Plaintiff, a *pro se* prisoner currently housed at Polk Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations against Defendants Poole, George Solomon, Shannon Maples, George S. Warren, William Bullard, Paul Taylor,

1

Sgt. Johnston, Doctor Locklear-Jones, Shaquanna M. Wall, and Anderson. (*See generally* Complaint, Docket Entry 1.) In his complaint, Plaintiff essentially asserts that Defendants: (1) suppressed his grievances regarding a sexual harassment complaint he made against a prison official; (2) charged Plaintiff for assaulting another inmate after being told by a prison official that there would be "no write-up"; (3) would not permit Plaintiff to collect his legal mail; (4) harassed and physically assaulted Plaintiff for maintaining his sexual harassment complaint against a prison official; and (5) failed to give Plaintiff his prescribed medications. (*Id.*)

The record reflects that by May of 2018, Defendants Poole, Maples, Bullard, Anderson and Warren had all been served in this matter. (Docket Entries 17, 21.) Service was returned unexecuted as to the remaining defendants. (Docket Entry 18; *see also* Docket Entries 45, 46.) On September 24, 2018, an entry of default was entered against Defendant Anderson for failing to file a responsive pleading after being served. (Docket Entry 26.) Defendants Bullard, Maples, Poole and Warren filed an answer on October 8, 2018. (Docket Entry 34.) On October 31, 2018, Defendant Anderson filed a motion to set aside the entry of default and for an extension of time to answer. (Docket Entry 38.) Plaintiff responded in opposition to this motion. (Docket Entry 41.)

While he was housed at Scotland Correctional Institution, Plaintiff motioned for a preliminary injunction and temporary restraining order against Defendants Poole and Locklear-Jones. (Docket Entry 22.) Since this motion was filed, Plaintiff has relocated to Polk Correctional Institution. (Docket Entry 23.) Through this motion, Plaintiff apparently seeks an order that will provide him with a prescription for his previously prescribed pain

medications of Tramadol, Gabapentin, Baclofen, and Ibuprofen; an extra mattress and a chair for his cell; and delivery of Lisinopril to his cell.[1] (*See generally* Docket Entry 22.) In his motion, Plaintiff alleges that in early 2018 he was prescribed, and the North Carolina Department of Public Safety approved of, Tramadol, Gabapentin, and Baclofen. (*Id.* at 1.) Further, Plaintiff alleges that after he was transferred to Scotland Correctional Institution, Defendant Locklear-Jones discontinued the order for an extra mattress and chair in Plaintiff's cell. (*Id.* at 2.) Defendant Locklear-Jones also discontinued Plaintiff's prescriptions after a nurse alleged that Plaintiff used abusive language towards her (and other medical staff) and in retaliation for Plaintiff's filing of a sexual harassment complaint against a male nurse a year-and-a-half earlier. (*Id.* at 2-3.)

Plaintiff next alleges that at a disciplinary hearing, Officer Sean Dillard dismissed all disciplinary charges against Plaintiff, but Defendant Locklear-Jones did not reinstate Plaintiff's extra mattress and chair in his cell nor re-order his past medications. (*Id.*) Plaintiff states that his situation has become "life-threatening," as he "has been in agonizing pain, unable to rest comfortably, missing numerous hours of sleep nightly," and that his "back has went out several times, nerve pain made him immobile," in addition to numerous sick calls that went unheard. (*Id.*)

Defendant Poole has filed a response to Plaintiff's motion. (Docket Entry 33.) Defendant Locklear-Jones, who has not yet been served, has not filed a response. Plaintiff

---

[1] Plaintiff does not explicitly state the form of relief that he seeks. Instead, it is inferred, and Defendant Poole agrees that "the plaintiff is seeking to have a doctor prescribe him pain medications, prescribe an 'active extra mattress and chair in cell,' and . . . medical staff to deliver his high blood pressure medication, Lasinopril [sic], 'by the dose.'" (Docket Entry 33.)

3

also motioned for a second preliminary injunction and temporary restraining order "against Defendants whose DPS co-workers at Polk Correctional Institution have confiscated all of Plaintiff's legal materials . . . under the guise of 'interim sanctions.'" (Docket Entry 35.) Although Plaintiff does not explicitly describe what relief he is seeking, the Court assumes that Plaintiff seeks return of his legal materials.

## DISCUSSION

1. <u>Preliminary Injunction and Temporary Restraining Order</u>

A party seeking a preliminary injunction or temporary restraining order[2] must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[3] A party must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-22; *Real Truth*, 575 F.3d at 347. Only then does the

---

[2] The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., United States Dept. of Labor v. Wolf Run Mining Co.,* 452 F.3d 275, 281 n.1 (4th Cir. 2006).

[3] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the facts and articulating the standard for issuance of a preliminary injunction, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

4

court consider whether the balance of equities tips in the favor of the party seeking the injunction. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the impact of the extraordinary relief of an injunction upon the public interest. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 23-24). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and quotation omitted) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. At this point in the proceedings Plaintiff has not made a "clear showing" that he is likely to succeed on the merits. *Winter*, 444 U.S. at 22. The Court first notes that Plaintiff's second request for injunctive relief involves individuals not named in the pending action. In this context, "[t]he Court cannot issue an order directed at non-parties." *Drayton v. Ozmint*, No. CIV.A. 8:10-2079-HFF, 2010 WL 4922698, at *1 (D.S.C. Nov. 3, 2010) (unpublished), *report and recommendation adopted,* No. CIV.A. 8:10-02079, 2010 WL 4922692 (D.S.C. Nov. 29, 2010) (unpublished). Accordingly, in this case Plaintiff has no chance of success on the merits on the underlying claim against those individuals. Second, as to Plaintiff's request for relief regarding his medication, he has not shown that he is likely to succeed on the merits of that claim.

To succeed on a retaliation claim under § 1983, a plaintiff must establish "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or

5

that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citation omitted). In the prison context, "if an inmate exercises his First Amendment right when he files a prison grievance, retaliation against him for doing so is unconstitutional." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017).

Here at this stage, Plaintiff has not demonstrated that he is likely to succeed on the merits because there are no allegations that Defendant Poole is involved in or has control over the decision to prescribe pain medications to Plaintiff. In the Complaint, Plaintiff alleges that unserved Defendant Locklear-Jones, not Defendant Poole, denied him pain medication in retaliation for filing a grievance. (Compl. at 17-19.) In his motion for a preliminary injunction, Plaintiff alleges that Defendant Locklear-Jones (not Defendant Poole) discontinued his pain medications in retaliation because a nurse complained that he used abusive language against him and instigated disciplinary actions. (Docket Entry 22 at 2-3.) Additionally, Defendant Poole has asserted the defense of qualified immunity as to all claims against her. (*See* Answer VIII, Docket Entry 34.) All of these things demonstrate that Plaintiff has not shown a likelihood of success on the merits in his favor.[4]

Moreover, Plaintiff cannot show any irreparable harm because he is receiving pain medications at Polk Correctional Institution where he is currently housed. (*See* Exhibit B, Docket Entry 33-2 (noting pain medications prescribed on July 16, 2018).) Accordingly, there is no hardship to Plaintiff now, let alone a balance of hardships that tips in Plaintiff's favor. Lastly, there is no showing that an injunction is in the public interest. The Supreme Court has

---

[4] It appears that Plaintiff's first request for injunctive relief surrounds only his retaliation claim. Thus, the undersigned will not address Plaintiff's remaining claims in his Complaint.

repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."). Because Plaintiff cannot establish all four *Winter* factors as to either request for injunctive relief, the undersigned recommends that Plaintiff's motions be denied.

2. Default Judgment/Setting Aside Entry of Default

Plaintiff seeks entry of default judgment against Defendant Anderson. (Docket Entry 28.) Defendant Anderson seeks the removal of entry of default against her, and for additional time to answer the Complaint. (Docket Entry 38.) Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor,* 895 F.2d 949, 950 (4th Cir. 1990)). "A court must 'exercise sound judicial discretion' in deciding whether to enter default judgment, and 'the moving party is not entitled to default judgment as a matter of right.'" *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012) (citation omitted).

Additionally, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp*., 383 F.2d 249, 251 (4th Cir. 1967) (citation omitted).

Considering the factors in *Payne*, the Court concludes that Defendant Anderson's motion should be granted. Available to Defendant Anderson are several potential meritorious defenses (*e.g.* Eleventh Amendment immunity and qualified immunity defenses). (Docket Entry 40 at 4.) Also, Defendant Anderson acted reasonably in supplying the Complaint and summons to her workplace superiors who told her that they would handle the matter. (Anderson Aff. ¶¶ 3-4, Docket Entry 40-1.) She did not hear anything further about the case for several months. (*Id.* ¶ 6.) In October 2018, after being informed that she needed to contact counsel for the Department of Public Safety about representation in this action, Defendant Anderson called Defendant Poole for more information. (*Id.* ¶ 7.) Thus, she acted with reasonable promptness. The Court further notes that Plaintiff will not be prejudiced by the

8

removal of the entry of default because of this action is still in its early stages and there has been no history of dilatory action. Several Defendants have yet to be served and an answer to Plaintiff's complaint was only filed in October of 2018. (*See* Docket Entries 18, 34.) Thus, these factors weigh in Defendant Anderson's favor and entry of default should be set aside.

In accordance with this finding, the Court also finds that good cause exists to extend the time for Defendant Anderson to answer the complaint. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." (internal quotations omitted)). Defendant Anderson has demonstrated excusable neglect for failing to timely answer the Complaint. Plaintiff will not be prejudiced by permitting Defendant Anderson additional time to answer the serious claims of Plaintiff when several other Defendants have not yet been served and when an answer from served Defendants was filed a short time ago. (*See* Docket Entries 18, 34.) For those same reasons judicial proceedings will not be greatly impacted by the extension.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motions for Preliminary Injunctions and Temporary Restraining Orders (Docket Entry 22, 35) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Docket Entry 28) be **DENIED** and Defendant Anderson's Motion to Remove Default and Extend the Time to Answer (Docket Entry 38) be **GRANTED**.

_____
Joe L. Webster
United States Magistrate Judge

December 3, 2018
Durham, North Carolina